**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-10721-FWS-AJR

Date: September 24, 2026
Page 1 of 7

Title: Anthony Shelton Graves, a.k.a. King Anthony v. Hillsborough Cnty. Sheriff's Office, et al.

---

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OR TRANSFERRED FOR IMPORPER VENUE**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| _Nicholas Huynh_ | _______None_______ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS)**

## I. INTRODUCTION

On September 21, 2026, *pro se* Plaintiff Anthony Shelton Graves, also known as King Anthony ("Plaintiff"), filed an "Emergency Civil Rights Complaint and Application for Immediate Emergency Relief" ("Complaint") pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fourth, and Fourteenth Amendment rights, Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and state law. (Dkt. 1.) Plaintiff names as defendants: (1) the Hillsborough County Sheriff's Office ("HCSO"); (2) Hillsborough County, Florida; (3) HCSO Deputy C. Parmentier #186602, individually and in his official capacity; (4) unknown HCSO officers; (5) the Florida

Department of Law Enforcement ("FDLE"); (6) unknown California governmental actors; and (7) Does 1-50. (Id. at 1.)

The Complaint arises principally from events that allegedly occurred in Florida. Plaintiff expressly alleges that "[t]he underlying events began in Florida" and that "Florida law-enforcement and governmental authorities" repeatedly ignored or mishandled his reports of alleged "criminal conduct, threats, abuse, exploitation, fraud, theft, stalking, firearms-related threats, and other conduct." (Id. at 2.) Among other things, Plaintiff alleges that Florida authorities failed to investigate his complaints or provide reasonable communication accommodations, subjected him to involuntary examinations or seizures under Florida's Baker Act, improperly prepared Baker Act paperwork, disclosed information concerning a medical appointment, retaliated against him for making complaints, directed his arrest, and failed to provide meaningful access to Florida governmental and judicial processes. (Id. at 2, 4-10.)

Plaintiff subsequently relocated to Los Angeles, California, where he alleges that he continues to experience the effects of the alleged Florida conduct and has encountered unspecified "nonresponse, filing barriers, or other governmental conduct" while attempting to pursue his complaints through governmental and judicial channels. (Id. at 2-4, 10-12.) Plaintiff does not identify the California officials allegedly responsible for that conduct or specifically allege what each official did or failed to do. (Id. at ¶¶ 27, 123, 206-210, 232.)

Plaintiff "expressly acknowledges that California jurisdiction cannot be established merely by asserting that Plaintiff moved here" and states that he "does not contend that the mere act of moving from Florida to California automatically transferred jurisdiction over every Florida event to California." (Id. at ¶¶ 11, 125.) Instead, Plaintiff asks the Court to determine whether his allegations concerning events occurring after his arrival in California provide an independent basis for proceeding in this judicial district. (Id. at ¶¶ 16-17, 26, 128-129.)

"Federal courts are always under an independent obligation to examine their own jurisdiction, and a federal court may not entertain an action over which it has no

jurisdiction." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (*per curiam*) (internal quotation marks and citation omitted). An initial review of the Complaint indicates that the Court may lack personal jurisdiction over the identified Florida defendants and venue may be improper in the Central District of California.

## II. DISCUSSION

### A. This Action Appears Subject To Transfer For Improper Venue.

#### 1. Legal Standard.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may raise defective venue *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). A court may transfer an action under Section 1406(a) even if it lacks personal jurisdiction over the defendants. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962).

#### 2. Analysis.

The Complaint does not appear to establish that venue is proper in the Central District of California under Section 1391(b). First, none of the presently identified Defendants appears to reside in California. The named governmental Defendants are HCSO, Hillsborough County, and FDLE, and the only specifically identified individual

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



Defendant, Deputy Parmentier, allegedly is an HCSO deputy. (Dkt. 1 at 1, 5-6, 8.) The remaining specifically described Florida officers and governmental actors likewise appear to be located in Florida. (Id.)

Second, a substantial part of the events giving rise to Plaintiff's claims appear to have occurred in Florida. Plaintiff expressly alleges that the "underlying events began in Florida and that "the principal underlying misconduct began or occurred in Florida." (Id. at ¶¶ 2, 33.) Plaintiff's claims concern alleged Baker Act incidents and involuntary examinations, communications with HCSO personnel, preparation of Baker Act paperwork, disclosure of medical information, internal-affairs complaints, a directed arrest, a littering charge, and alleged retaliation, all of which appear to have occurred in Florida. (Id. at 4-10.)

Plaintiff's subsequent relocation to California does not, standing alone, establish venue in this judicial district for claims arising from conduct that occurred in Florida. Although Plaintiff alleges that he continues to experience the consequences of the challenged conduct while residing in California and has attempted to obtain governmental or judicial relief since relocating here, Section 1391(b)(2) focuses on *where a substantial part of the events or omissions giving rise to the claims occurred*.

Plaintiff's allegations concerning unidentified California governmental actors do not presently establish otherwise. Plaintiff generally alleges that, after arriving in California, he encountered nonresponse, filing barriers, or other governmental conduct. (Dkt. 1 at 3, 10-11.) But he does not identify the California officials allegedly responsible, describe what each official did or failed to do, or allege facts connecting their conduct to the identified Florida defendants. Indeed, Plaintiff requests leave to identify the responsible California actors after obtaining additional records. (Id. at ¶¶ 27, 123, 206-210, 232.)

Accordingly, based on the allegations presently before the Court, a substantial part, if not all, of the events giving rise to Plaintiff's claims against the identified Florida defendants appears to have occurred in Florida, not in the Central District of California. Venue therefore appears improper in this judicial district and proper in the Middle District

of Florida. See 28 U.S.C. § 1391(b)(2). Because the allegations principally concern events in Hillsborough County and conduct by Hillsborough County and HCSO personnel, the Tampa Division appears to be the appropriate division. Accordingly, this action appears subject to transfer to the U.S. District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1406(a).

**B. This Court Does Not Appear To Have Personal Jurisdiction Over The Identified Florida Defendants.**

**1. Legal Standard.**

"In most circumstances, a defect in personal jurisdiction is a defense that may be asserted or waived by a party." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). Thus, the Court will not *sua sponte* dismiss the action based on the apparent lack of personal jurisdiction. Nevertheless, because Plaintiff expressly asks the Court to determine whether Defendants are subject to personal jurisdiction in California, (Dkt. 1 at ¶¶ 16-17, 128-129), the Court notes that the Complaint does not presently allege facts supporting either general or specific personal jurisdiction over the identified Florida defendants.

To establish personal jurisdiction over a nonresident defendant, the plaintiff must show the forum state's long arm statute is satisfied and that the exercise of jurisdiction over the nonresident defendant comports with due process. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." Id. at 801; see also Picot v. Weston, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing Cal. Civ. Proc. Code § 410.10). Due process requires that the nonresident defendant have minimum contacts with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Wash., 326 U.S. 310, 316 (1945).

Two forms of personal jurisdiction may be exercised by a forum state. First, general jurisdiction exists when a defendant's activities in the forum state are so

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



"continuous and systematic" as to render the defendant "essentially at home in the forum State." Goodyear Dunlop tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011); Daimler AG v. Bauman, 571 U.S. 117,139 (2014). Second, specific jurisdiction requires, among other things, that the defendant "purposefully direct his activities" toward the forum or "purposefully avail[] himself of the privileges of conducting activities in the forum" and that the plaintiff's claims arise out of or relate to those forum-related activities. See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 592 U.S. 351, 359 (2021); Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1068 (9th Cir. 2017).

**2. Analysis.**

The Complaint does not presently establish general jurisdiction. HCSO and Hillsborough County are Florida governmental entities, FDLE is a Florida state agency, and Deputy Parmentier allegedly is an HCSO deputy whose challenged conduct occurred in Florida. (Dkt. 1 at 1, 5-8.) Nothing in the Complaint suggests that any identified Florida Defendant is "at home" in California.

The Complaint also does not presently establish specific jurisdiction over the identified Florida defendants. Plaintiff does not allege that HCSO, Hillsborough County, FDLE, Deputy Parmentier, or another identified Florida Defendant engaged in relevant conduct in California, directed California officials to act against Plaintiff, or created suit-related contacts with California. Rather, Plaintiff alleges that the challenged conduct originated and principally occurred in Florida and that he subsequently relocated to California. (Id. at 2-4, 6-12; see also id. at ¶¶ 2, 33.)

Plaintiff's continued experience in California of injuries allegedly caused by conduct occurring in Florida does not, without more, establish specific jurisdiction. The necessary relationship with the forum must arise from contacts created by the defendant, not merely the plaintiff's contacts with the forum. See Walden v. Fiore, 571 U.S. 277, 285-86 (2014) ("[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."); Picot v. Weston, 780 F.3d 1206, 1214-15 (9th Cir. 2015). Likewise, Plaintiff's allegations concerning subsequent

conduct by unidentified California governmental actors do not establish the Florida defendants' own contacts with California absent factual allegations connecting the Florida defendants to that conduct.

Accordingly, the Complaint does not presently allege facts sufficient to establish either general or specific personal jurisdiction over the identified Florida defendants.

## III. DISPOSITION

For the foregoing reasons, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed for lack of personal jurisdiction and/or transferred for improper venue to the U.S. District Court for the Middle District of Florida, Tampa Division.

On or before **October 8, 2026**, Plaintiff shall file a written response explaining why this Court may exercise personal jurisdiction over the identified Florida Defendants and why venue is proper in the Central District of California. If Plaintiff fails to timely respond to this Order, the Court may recommend that this action be dismissed with or without prejudice for failure to obey a court order and/or failure to prosecute. The Court may also transfer this action to the Middle District of Florida, Tampa Division, if Plaintiff fails to timely respond. If Plaintiff no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.

IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).